MELISSA M. HARNETT (Bar No. 164309)
    mharnett@wcclaw.com
GREGORY SCARLETT (Bar No. 131486)
    gscarlett@wcclaw.com
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995

Attorneys for Plaintiffs Diane Everett,
Jessica Skibel, Karen Johnson, and
Monique Renova, on behalf of themselves
and all others similarly situated

FILED
2010 FEB 22  PM 3: 44
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE EVERETT, JESSICA SKIBEL, KAREN JOHNSON, and MONIQUE RENOVA on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STRIVECTIN OPERATING COMPANY, INC., a Delaware corporation, CHRYSALLIS, LLC, a North Carolina limited liability company, THE CARTER-REED CO., LLC, a Utah limited liability company, BASIC RESEARCH, LLC, a Utah limited liability company, KLEIN-BECKER USA, LLC, a Utah limited liability company, CATTERTON PARTNERS, CORP., a Delaware corporation, MACY'S, INC. doing business in California as MACY'S STORES OF CALIFORNIA, a Delaware corporation, COSTCO WHOLESALE CORPORATION, a Washington corporation, and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. CV 10-0377-CAS (RZx) <br><br> Hon. Christina A. Snyder <br> Courtroom: 5 <br><br> **PUTATIVE CLASS ACTION** <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> <u>Original Complaint Filed: Dec 7, 2009</u> <br> <u>Trial Date: None Set</u> |

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

940019.1

CV 10-0377-CAS (RZx)

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    Plaintiffs DIANE EVERETT, JESSICA SKIBEL, KAREN JOHNSON, and
2   MONIQUE RENOVA ("Plaintiffs"), on behalf of themselves and all others
3   similarly situated, bring this putative consumer class action against Defendants
4   STRIVECTIN OPERATING COMPANY. INC., CHRYSALLIS, LLC, THE
5   CARTER-REED CO., LLC, BASIC RESEARCH, LLC, KLEIN-BECKER USA,
6   LLC, CATTERTON PARTNERS CORP., MACY'S, INC. doing business in
7   California as MACY'S STORES OF CALIFORNIA, COSTCO WHOLESALE
8   CORPORATION, and DOES 1-50, inclusive (hereinafter collectively referred to as
9   "Defendants"), and allege as follows:

10

11                    **SUMMARY OF COMPLAINT**

12       1.     This action arises from a massive fraud perpetrated by Defendants in
13   the manufacture, marketing and distribution of a line of a purported anti-wrinkle
14   products known as StriVectin, which includes, *inter alia*, all StriVectin-SD products
15   and StriVectin Hydro-Thermal Deep Wrinkle Serum (hereinafter referred to as the
16   "StriVectin products").

17       2.     Defendants market and promote the StriVectin products as being
18   "nothing short of a miracle" and "Better than Botox."  The StriVectin products,
19   however, do not work as advertised or guaranteed and are part of an ever increasing
20   scam among StriVectin manufacturers, distributors ands retailers, who claim their
21   products are able to mimic the effects of Botox and other invasive cosmetic
22   procedures.   However, as one commentator has noted, the StriVectin line of
23   products is not "better than the daily use of an effective sunscreen!" and is nothing
24   more than a facial moisturizer that can in no way mirror the effects of Botox.

25       3.     In the course of manufacturing, marketing, distributing and selling the
26   StriVectin products, Defendants have committed and continue to commit illicit
27   business practices, in violation of California's *Consumer Legal Remedies Act*
28   ("CLRA," *Civil Code* §§1750-1784), California's False Advertising Law ("FAL,"

940019.1

1  *Business & Professions Code* §§17500-17536), California's Unfair Competition Act

2  ("UCL," *Business & Professions* Code §17200 *et seq.*), California's Sherman Food,

3  Drug, & Cosmetic Act (the "Sherman Law," Health & Safety Code §§108975-

4  111915), and California's warranty laws, by making unlawful claims regarding the

5  StriVectin products, through package labeling and mass media marketing, that are

6  illegal, false, misleading and/or omit material facts.

7      4.   Defendants continually make false representations through mass media

8  advertising that the StriVectin products are "nothing short of a miracle" in that the

9  products dramatically reduce the appearance of fine lines and wrinkles on the face,

10  neck and hands.  The Defendants falsely represent the dramatic efficacy of the

11  StriVectin products claiming that the products are "Better than Botox" in their

12  ability to mask deep wrinkles, and firm and tighten different areas of the face, neck

13  and hands.

14      5.   Through their mass media advertising, Defendants generally make false

15  statements that the StriVectin products have characteristics, uses and benefits which

16  they do not have and that  StriVectin products are of a particular standard, quality,

17  or grade, which they are not. In making such false statements, the Defendants have

18  fraudulently induced consumers to purchase StriVectin products.

19      6.   Moreover, the Defendants have placed the StriVectin products for sale

20  to the general public with the knowledge that the StriVectin products do not

21  materially conform to the products' advertisements.

22      7.   The misrepresentations made by Defendants in marketing the

23  StriVectin products violate California's consumer protection statutes.

24      8.   Defendants have "misbranded" the StriVectin products.  A product is

25  "misbranded" if its labeling is "false or misleading in any particular." Health &

26  Safety Code §§110290 and 111730 (emphasis added).  "In determining whether the

27  labeling or advertisement of a food, drug, device, or cosmetic is misleading, all

28  representations made or suggested by statement, word, design, device, sound, or any

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   combination of these, shall be taken into account.  The extent that the labeling or
2   advertising fails to reveal facts concerning the food, drug, device, or cosmetic, or
3   consequences of customary use of the food, drug, device, or cosmetic, shall also be
4   considered." *Id.* §110290 (emphasis added).  It is a violation of the Sherman Law
5   for any person to (1) misbrand any cosmetic (*Id.* §§ 110398 & 111770), (2)
6   manufacture, sell, deliver, hold, or offer for sale any cosmetic that is misbranded (*Id.*
7   §§ 110398 & 111765), or (3) receive in commerce any cosmetic that is misbranded,
8   or deliver or proffer it for delivery (*Id.* §110775).  Defendants' violations of the
9   UCL, FAL and CLRA are the equivalent of "misbranding" under the Sherman Law.

10          9.      Defendants further fail to honor their warranty obligations by selling a
11   product that: (1) fails to pass without objection in the trade under the description
12   provided; (2) is not fit for the ordinary purpose for which such goods are used; (3) is
13   not fit for the particular purpose for which it was sold (4) is not adequately
14   contained, packaged, and labeled; (5) does not conform to the promises or
15   affirmations of fact made on the container or label; and/or (6) violates the warranties
16   contained in the California *Uniform Commercial Code*, §§ 2313, 2314, and 2315.

17

18                              **JURISDICTION AND VENUE**

19          10.     This Court has  jurisdiction over this class action pursuant to 28 U.S.C.
20   § 1441 (Removal Jurisdiction) and 28 U.S.C. § 1332(d) (Class Action Fairness Act),
21   in that, according to Defendants, the matter in controversy exceeds the sum or value
22   of $5,000,000, exclusive of interests and costs, there are at least 100 members of the
23   proposed class, and at least one member of the class is a citizen of a different state
24   of one or more of the Defendants..

25          11.     This Court has personal jurisdiction over the Defendants.  Plaintiffs are
26   informed and believe that Defendants STRIVECTIN OPERATING COMPANY,
27   CHRYSALLIS, LLC, THE CARTER-REED COMPANY, BASIC RESEARCH,
28   KLEIN-BECKER USA, CATTERTON PARTNERS, MACY'S, INC., and

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   COSTCO WHOLESALE CORPORATION all do business in California.

2   Defendants maintain sufficient minimum contacts with California, and otherwise

3   intentionally avail themselves of the markets in California through the promotion,

4   marketing, and sale in California of the products at issue and of many other

5   products. The considerable amount of contacts each Defendant maintains with

6   California are enough to render the exercise of jurisdiction by this Court permissible

7   under traditional notions of fair play and substantial justice.

8        12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c),

9   because Defendants transact business, maintain offices, or are otherwise found

10  within this district, and many of Defendants' unlawful acts giving rise to Plaintiffs'

11  claims occurred in this district. Plaintiffs purchased the products at issue while in

12  this district.

13

14                    **THE PARTIES**

15       13.    Individual and representative Plaintiff DIANNE EVERETT is a

16  resident of the city of Riverside, in the state of California.

17       14.    Individual and representative Plaintiff JESSICA SKIBEL is a resident

18  of the city of Riverside, in the state of California.

19       15.    Individual and representative Plaintiff KAREN JOHNSON is a resident

20  of the city of Riverside, in the state of California.

21       16.    Individual and representative Plaintiff MONIQUE RENOVA is a

22  resident of the city of Highland, in the state of California.

23       17.    Plaintiffs are informed and believe and on that basis allege that

24  Defendant STRIVECTIN OPERATING COMPANY. INC. is a Delaware

25  corporation, with its principal place of business in the State of New York. Plaintiffs

26  are informed and believe that STRIVECTIN OPERATING COMPANY. INC. is not

27  registered as a foreign corporation with California's Secretary of State and has not

28  designated any county in California as its principal place of business. Plaintiffs are

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  informed and believe that through its website, www.strivectin.com, STRIVECTIN

2  OPERATING COMPANY. INC. has sufficient minimum contacts with California,

3  and/or otherwise has intentionally availed itself of the markets in California through

4  the promotion, marketing and sale of its products via its website, and through sale of

5  its products in California at retails stores, such as Macy's and Costco, to render the

6  exercise of jurisdiction by this Court permissible under traditional notions of fair

7  play and substantial justice.

8       18.    Plaintiffs are informed and believe and on that basis allege that

9  Defendant CHRYSALLIS, LLC, is a North Carolina limited liability company with

10  its principal place of business in North Carolina.  Plaintiffs are informed and believe

11  that CHRYSALLIS, LLC is not registered as a foreign corporation with California's

12  Secretary of State and has not designated any county in California as its principal

13  place of business.  Plaintiffs are informed and believe that CHRYSALLIS, LLC has

14  sufficient minimum contacts with California, and/or otherwise has intentionally

15  availed itself of the markets in California through the promotion, marketing and sale

16  of its products in California at retails stores, such as Macy's and Costco, to render

17  the exercise of jurisdiction by this Court permissible under traditional notions of fair

18  play and substantial justice.

19       19.    Plaintiffs are informed and believe and on that basis allege that

20  Defendant THE CARTER-REED CO., LLC is a Utah limited liability company,

21  with its principal place of business in Utah.  THE CARTER-REED CO, LLC is not

22  registered as a foreign limited liability company with California's Secretary of State

23  and has not designated any county in California as its principal place of business.

24  Plaintiffs are informed and believe that through its website, www.carterreed.com,

25  CARTER-REED CO., LLC., has sufficient minimum contacts with California,

26  and/or otherwise has intentionally availed itself of the markets in California through

27  the promotion, marketing and sale of its products in California via its website, and

28  through sale of its products in California at retails stores, such as Macy's and

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Costco, to render the exercise of jurisdiction by this Court permissible under

2  traditional notions of fair play and substantial justice.

3      20.    Plaintiffs are informed and believe and on that basis allege that

4  Defendant BASIC RESEARCH, INC. is a Utah limited liability company, with its

5  principal place of business in Utah.  Plaintiffs are informed and believe that BASIC

6  RESEARCH, INC. is not registered as a foreign limited liability company with

7  California's Secretary of State and has not designated any county in California as its

8  principal place of business.  Plaintiffs are informed and believe that BASIC

9  RESEARCH, INC., has sufficient minimum contacts with California, and/or

10  otherwise has intentionally availed itself of the markets in California through the

11  promotion, marketing and sale of its products in California at retails stores, such as

12  Macy's and Costco, to render the exercise of jurisdiction by this Court permissible

13  under traditional notions of fair play and substantial justice.

14      21.    Plaintiffs are informed and believe and on that basis allege that

15  Defendant KLEIN BECKER, LLC is a Utah limited liability company, with its

16  principal place of business in Utah.  Plaintiffs are informed and believe that KLEIN-

17  BECKER, LLC is not registered as a foreign limited liability company with

18  California's Secretary of State and has not designated any county in California as its

19  principal place of business.   Plaintiffs are informed and believe that KLEIN

20  BECKER, LLC has sufficient minimum contacts with California, and/or otherwise

21  has intentionally availed itself of the markets in California through the promotion,

22  marketing and sale of its products in California at retails stores, such as Macy's and

23  Costco, to render the exercise of jurisdiction by this Court permissible under

24  traditional notions of fair play and substantial justice.

25      22.    Plaintiffs are informed and believe and on that basis allege that

26  Defendant CATTERTON PARTNERS CORP. is a Delaware Corporation, with its

27  principal place of business in Connecticut.  Plaintiffs are informed and believe that

28  CATTERTON PARTNERS CORP. is not registered as a foreign corporation with

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  California's Secretary of State and has not designated any county in California as its

2  principal place of business.  Plaintiffs are informed and believes that CATTERTON

3  PARTNERS conducts business in all states throughout the United States and has

4  sufficient minimum contacts with California, and/or otherwise has intentionally

5  availed itself of the markets in California through the promotion, marketing and sale

6  of its products in California at retails stores, such as Macy's and Costco, to render

7  the exercise of jurisdiction by this Court permissible under traditional notions of fair

8  play and substantial justice.

9      23.   Plaintiffs are informed and believe that in 2009, Defendant

10  CATTERTON PARTNERS CORP., through Defendant STRIVECTIN

11  OPERATING COMPANY. INC., a holding company, acquired the StriVectin brand

12  and related assets from Defendants THE CARTER-REED COMPANY, BASIC

13  RESEARCH, and/or KLEIN-BECKER USA, and that Defendant CATTERTON

14  PARTNERS CORP. partnered with Defendant CHRYSALLIS, LLC to manage and

15  operate Defendant STRIVECTIN OPERATING COMPANY. INC.

16      24.   Plaintiffs are informed and believe and on that basis allege that

17  Defendant MACY'S INC. is a Delaware Corporation, with its principal place of

18  business in Ohio, and registered with California's Secretary of State and doing

19  business in California as MACY'S STORES OF CALIFORNIA.  Plaintiffs are

20  informed and believe that Macy's Stores of California has the largest amount of its

21  retail stores located in Los Angeles County.  Plaintiffs are informed and believe that

22  MACY'S INC., doing business in California as MACY'S STORES OF

23  CALIFORNIA, has not designated a principal place of business with California's

24  Secretary of State.  MACY'S INC. has sufficient minimum contacts with California,

25  and/or otherwise has intentionally availed itself of the markets in California, to

26  render the exercise of jurisdiction by this Court permissible under traditional notions

27  of fair play and substantial justice.

28      25.   Plaintiffs are informed and believe and on that basis allege that

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 81357-7033

1  Defendant COSTCO WHOLESALE CORPORATION is a Washington corporation,

2  with its principal place of business in Washington, and registered with California's

3  Secretary of State.  Plaintiffs are informed and believe that COSTCO has numerous

4  retail stores located in Los Angeles County.  Plaintiffs are informed and believe that

5  COSTCO has not designated a principal place of business with California's

6  Secretary of State.  COSTCO has sufficient minimum contacts with California,

7  and/or otherwise has intentionally availed itself of the markets in California, to

8  render the exercise of jurisdiction by this Court permissible under traditional notions

9  of fair play and substantial justice.

10      26.    The true names and capacities, whether individual, corporate, associate

11  or otherwise of defendants DOES 1 through 50, inclusive, and each of their roles in

12  this case, are unknown to Plaintiff, who therefore sues said defendants by such

13  fictitious names.  Plaintiff further alleges that each of said fictitiously named

14  defendants is in some manner responsible for the acts and occurrences set forth

15  herein.  Plaintiff will amend this Complaint to show their true names and capacities

16  when the same is ascertained, as well as the manner in which each fictitiously

17  named defendant is responsible.

18      27.    Defendants, and each of them, are authorized to do business in

19  California, have sufficient minimum contacts with California, and/or otherwise have

20  intentionally availed themselves of the markets in California through the promotion,

21  marketing and sale of their products in California, to render the exercise of

22  jurisdiction by this Court permissible under traditional notions of fair play and

23  substantial justice.

24      28.    Plaintiffs are informed and believe, and thereon alleges that at all times

25  mentioned, Defendants STRIVECTIN OPERATING COMPANY, CHRYSALLIS,

26  LLC, THE CARTER-REED COMPANY, BASIC RESEARCH, KLEIN-BECKER

27  USA, and CATTERTON PARTNERS are and have been each the partner, joint

28  venturer, alter ego, and/or co-conspirator of the other.  At all relevant times, a unity

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  of interest in ownership and other interests between each of these Defendants

2  existed such that any separateness ceased to exist between them.  The exercise of

3  complete dominance and control over each of the other Defendant entities and their

4  properties, rights and interests, rendered such entities as mere shells and

5  instrumentalities of each of the other Defendants.  Plaintiffs are further informed

6  and believe that  each of these  Defendants, jointly and separately, conducts business

7  and engages in the wrongful conduct alleged herein through various corporate

8  conduits which are nothing more than shell corporations dominated and controlled

9  by one or more of these  Defendants, and established solely for the purpose of

10  engaging in the wrongful manufacturing, marketing and sale of StriVectin.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

29.   Each of the Defendants named in this action has played a role in the
unlawful, fraudulent and unfair business practices that give rise to this lawsuit.

30.   Defendants falsely represent to consumers that the StriVectin line of
products can accomplish, *inter alia*, the following:

a)   StriVectin-SD is "nothing short of a miracle;"

b)   "StriVectin-HS Hydro-Thermal Deep Wrinkle Serum is the first .
. . and only  thermophyllic serum specifically developed to
intensify Dermal-Epidermal Junction integrity . . . dramatically
reducing the appearance of pronounced deep wrinkles, enlarged
pores and stubborn surface imperfections;"

c)   "Strivectin-SD (the stretch mark cream turned anti wrinkle
phenomenon) has become the most sought-after topical around
the globe;"

d)   StriVectin is "guaranteed to cause a significant decrease in
wrinkles and stretch marks within 30 days."

e)   Promote StriVectin from a purportedly independent website,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    www.strivectin.com, which is in fact owned, operated, and/or

2    controlled by Defendants Strivectin Operating Company,

3    Chrysallis, LLC, The Carter-Reed Company, Basic Research,

4    Klein-Becker USA, and Catterton Partners, and their affiliates.

5         31.   Attached hereto as Exhibit "A" is a copy of a StriVectin advertisement

6    appearing on the www.strivectin.com website maintained by Defendants Strivectin

7    Operating Company, Chrysallis, LLC, The Carter-Reed Company, Basic Research,

8    Klein-Becker USA, and/or Catterton Partners which touts the product as being

9    "Better than Botox" Attached hereto as Exhibit "B" is a copy of a StriVectin

10   advertisement appearing on the www.costco.com website maintained by Defendant

11   Costco Wholesale Corporation which also suggests that StriVectin is "Better than

12   Botox."

13        32.   The representations, claims, warranties and guarantees made by

14   Defendants regarding the StriVectin products are false, misleading and/or omit

15   material information, and the StriVectin products are labeled, advertised, marketed,

16   and promoted as if it has characteristics, uses and/or benefits which in fact it does

17   not have. Moreover, Defendants have advertised the StriVectin products with the

18   intent not to sell it as advertised.

19        33.   The above-referenced representations and claims made by Defendants

20   regarding the supposed beneficial effects of StriVectin products with respect to

21   neck, hand and facial lines and wrinkles make clear that Defendants' intended use

22   for StriVectin is as a product to be rubbed on an/or introduced into, or otherwise

23   applied to the human body or any part of the human body, for beautifying,

24   promoting attractiveness, or altering the appearance. Accordingly, the StriVectin

25   products are a cosmetic as defined by Section 109900 of California's Health &

26   Safety Code, also known as the Sherman Food, Drug and Cosmetic Law. However,

27   the StriVectin products have been misbranded pursuant to Healthy & Safety Code

28   §§110290 and 111730, in that the StriVectin line of products' labeling is false or

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  misleading.

2      34.    Defendants further represent in their mass media advertising for the

3  StriVectin products, and on the product packaging, that through clinical trials, the

4  StriVectin products have proven to significantly reduce fine lines, wrinkles and dark

5  circles "without irritation, painful injections or surgery."  For example, Defendants

6  claim that StriVectin SD "is the only topical formulation clinically proven to

7  effectively confront every aspect of wrinkle reduction."   As support for their claims

8  that the StriVectin products reduce fine lines and wrinkles and is better than

9  resorting to injections, such a Botox, Defendants quote Dr. Nathalie Chevreau in its

10  ads for the products.  Dr. Nathalie Chevreau claims that the cumulative effects of

11  StriVectin become "more noticeable every day, and ultimately last longer than

12  Botox."  However, Dr. Chevreau is far from an independent, impartial source, as

13  Plaintiffs are informed and believe that Dr. Chevreau is employed by Defendants

14  Strivectin Operating Company, Chrysallis, LLC, The Carter-Reed Company, Basic

15  Research, Klein-Becker USA, and/or Catterton Partners.

16      35.    Although Defendants claim that the StriVectin products are "Better

17  than Botox" and clinically tested, their own Director of Scientific Affairs, Dr. Daniel

18  Mowrey states on StriVectin's website that "we didn't have a scientific explanation

19  as to why this wrinkle-reduction is occurring." Dr. Mowrey cites to unrecorded and

20  undocumented anecdotal evidence that products, like StriVectin-SD, have "positive

21  reports."  However, "positive reports" are not the equivalent of independent, third

22  party testing to ensure that the products act in the way promoted by Defendants

23  through their mass media advertising.

24      36.    Defendants also falsely claim that the efficacy of the StriVectin cream-

25  based products in reducing fine lines and wrinkles is due to the wrinkle-reducing

26  properties "of a patented oligo-peptide 'called Pal-KTTS" contained in StriVectin.

27  Defendants further claim that the effects of Pal-KTTS were studied in clinical trials.

28  However, Plaintiffs are informed and believe that Defendants do not have any

1   independent, scientific data to support Defendants claims regarding Pal-KTTS.

2       37.   Defendants falsely claim that the efficacy of the StriVectin serum-

3   based products in reducing fine lines and wrinkles is due to the wrinkle-reducing

4   properties a "super secret" peptide called Amatokin contained in StriVectin products

5   such as StriVectin-HS Hydro-Thermal Deep Wrinkle Serum. However, Plaintiffs

6   are informed and believe that Defendants do not have any independent, scientific

7   data to support Defendants claims regarding Amatokin.

8       38.   These types of baseless product claims are common to Defendants

9   Klein-Becker and Basic Research, which have recently been named in a Federal

10  Trade Commission ("FTC") complaint for making false and unsubstantiated claims

11  regarding weight-loss and fat-loss/cutting gels and supplements.  *See*, Federal Trade

12  Commission Complain entitled *In the Matter of Basic Research, LLC, et al*. Docket

13  No. 9318.  Similar to the claims made by Defendants here regarding  the StriVectin

14  products, Klein-Becker and Basic Research make false claims that clinical testing

15  supports their efficacy claims regarding the weight loss products,  and that their

16  weight loss gels and supplements can magically burn fat away.  The FTC also

17  alleged that Klein-Becker and Basic Research made false claims that Dr. Daniel

18  Mowrey, Ph.D., is actually a medical doctor.  As the FTC noted, however, there

19  were no clinical studies or any scientific evidence that the products could "cut" fat.

20  Rather, the fat loss would have to be achieved through either diet and exercise or

21  surgical procedure.  The FTC complaint indicates that Klein-Becker and Basic

22  Research make a common practice of advertising extreme representations regarding

23  the efficacy of their various products when, in fact, there is no scientific data to

24  support these claims and the products do not perform as represented and warranted.

25  The claims Defendants make about Strivectin here are as, if not more, deceptive

26  than the weight loss product claims made by Klein-Becker and Basic Research

27  which are the subject of the FTC enforcement action.

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

## PLAINTIFFS' EXPERIENCES WITH STRIVECTIN PRODUCTS

39.    Plaintiff EVERETT has purchased the StriVectin line of products on many occasions in the last four years.  Plaintiff EVERETT's most recent purchase of a StriVectin product, StriVectin-SD was on or around November 21, 2009 in Los Angeles, California.  In purchasing StriVectin-SD, Plaintiff EVERETT relied upon the representations that the StriVectin products would dramatically reduce the appearance of fine lines and wrinkles, and firm and tighten her skin, within a few short months, if not a few short weeks.

40.    Plaintiff EVERETT used the product pursuant to the directions provided on the packaging.

41.    The StriVectin product purchased by Plaintiff EVERETT did not perform as advertised.

42.    Plaintiff SKIBEL has purchased the StriVectin line of products on many occasions in the last four years.  As recently as the weekend of October 30, 2009, Plaintiff SKIBEL  purchased StriVectin-HS Hydro-Thermal Deep Wrinkle Serum at Macy's.  In purchasing StriVectin-HS, Plaintiff SKIBEL relied upon the representations that the StriVectin products would dramatically reduce the appearance of fine lines and wrinkles, and firm and tighten her skin, within a few short months, if not a few short weeks.

43.    Plaintiff SKIBEL used the product pursuant to the directions provided on the packaging.

44.    The StriVectin product purchased by Plaintiff SKIBEL did not perform as advertised.

45.    Plaintiff JOHNSON has purchased the StriVectin line of products on many occasions in the last four years.  As recently as November 30, 2009,  Plaintiff JOHNSON purchased, at Macy's, the StriVectin Holiday Gift Set, which includes StriVectin SD, StriVectin SD Eye Cream, StriVectin-WF Instant Deep Wrinkle Filler.  In purchasing the StriVectin Holiday Gift Set, Plaintiff JOHNSON relied

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   upon the representations that the StriVectin products would dramatically reduce the

2   appearance of fine lines and wrinkles, and firm and tighten her skin, within a few

3   short months, if not a few short weeks.

4         46.   Plaintiff JOHNSON used the products pursuant to the directions

5   provided on the packaging.

6         47.   The StriVectin products purchased by Plaintiff JOHNSON did not

7   perform as advertised.

8         48.   Plaintiff RENOVA has purchased the StriVectin line of products on

9   many occasions in the last four years.  On or about January 30, 2010,  Plaintiff

10  RENOVA purchased StriVectin at Costco.  In purchasing StriVectin, Plaintiff

11  RENOVA relied upon the representations that the StriVectin products would

12  dramatically reduce the appearance of fine lines and wrinkles, and firm and tighten

13  her skin, within a few short months, if not a few short weeks.

14        49.   Plaintiff RENOVA used the product pursuant to the directions provided

15  on the packaging.

16        50.   The StriVectin product purchased by Plaintiff RENOVA did not

17  perform as advertised.

18        51.   On December 2, 2009, in an effort to resolve their claims and the

19  claims of all similarly situated consumers before resorting to formal litigation, and

20  pursuant to the provisions of Civil Code §1782, Plaintiffs sent by certified letter to

21  Defendants a demand that they adequately correct, repair, replace or otherwise

22  rectify the deceptive practices described in this Complaint for the entire Class,

23  pursuant to Civil Code §1770, including but not limited to refunding his money and

24  the money of all similarly situated consumers.  Defendants have failed to make or

25  provide an appropriate correction, repair or replacement, or other remedy with

26  respect to the products.

27

28

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

## CLASS ACTION ALLEGATIONS

52.   Plaintiffs bring this action on behalf of themselves, and as a class action on behalf of the following Class (the "Class"):

> All individuals residing in California who, within the four years prior to the filing of this action ("Class Period"), purchased the StriVectin products, including all StriVectin-SD products and StriVectin-HS Hydro-Thermal Deep Wrinkle Serum.

53.   Although Plaintiffs do not know the exact number of the members of the Class, Plaintiff is informed and believed and on that basis alleges that due to the nature of the commerce involved, the members of the Class are sufficiently numerous in number, with at least one-hundred (100) consumers purchasing one or more of the StriVectin products in California, such that joinder of all Class members is impracticable.

54.   Plaintiffs' claims are typical of the Class claims in that Plaintiffs and the Class Members each purchased one of the StriVectin products within four years prior to the filing of this action, and the products purchased by Plaintiffs and the Class Members contained unfairly deceptive and misleading representations.

55.   Numerous questions of law and fact are common to the Class, which predominate over any individual issues.   Questions of law and fact which are common to the Class include, without limitation, the following:

a.   Whether Defendants falsely advertise and represent that the StriVectin line of products can reduce fine lines and wrinkles and tighten and firm areas of the skin;

b.   Whether Defendants falsely advertise and represent that the StriVectin products perform "Better than Botox" without having an adequate and reliable scientific basis for such claims;

c.   Whether Defendants' mass media advertising and/or the packaging for the StriVectin products is misleading and deceptive;

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1      d.     Whether Defendants falsely claim that the StriVectin products

2          have been "clinically tested;"

3      e.     Whether Defendants' labeling and/or packaging for the

4          StriVectin products is misleading, false and/or illegal;

5      f.     Whether Defendants represent to consumers that the StriVectin

6          products have a characteristic, use, benefit or quality that the

7          products do not have;

8      g.     Whether Defendants knew or should have known that the

9          StriVectin products do not have the characteristics, uses, benefits

10         or qualities for which Defendants advertised the products;

11     h.     Whether Defendants engaged in unfair, unlawful and/or

12         fraudulent business practices in marketing and distributing the

13         StriVectin products;

14     i.     Whether Defendants engaged in false advertising with respect to

15         the StriVectin products;

16     j.     Whether Defendants have violated express and/or implied

17         warranty statutes;

18     k.     Whether Defendants have been unjustly enriched;

19     l.     The nature and extent of damages and other remedies to which

20         the wrongful conduct of Defendants entitle the Class members.

21     m.     Whether members of the class are likely to be deceived by

22         Defendants' representations, concealments and non-disclosures

23         concerning the StriVectin products;

24     n.     Whether Defendants' representations, concealments and non-

25         disclosures concerning the StriVectin products violate the

26         CLRA, FAL and/or the UCL;

27     o.     Whether the Plaintiffs and the Class are entitled to injunctive

28         relief prohibiting the challenged wrongful practices and

1    enjoining such practices in the future;

p.    Whether the Plaintiffs and the Class are entitled to punitive damages; and,

q.    Whether Plaintiffs and the Class are entitled to attorneys' fees and expenses; and, in what amount.

56.    Plaintiffs will fairly and adequately represent the interests of the Class in that Plaintiffs are typical purchasers of the StriVectin line of products. Furthermore, Plaintiffs have retained competent counsel experienced in class action litigation. Plaintiffs' counsel will fairly and adequately protect the interests of the Class.

57.    This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. The relief sought per individual member of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendants. Furthermore, it would be virtually impossible for the Class members to seek redress on an individual basis. Even if the Class members themselves could afford such individual litigation, the court system could not.

58.    Individual litigation of the legal and factual issues raised by the conduct of Defendants would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the Class members' claims and the law applicable thereto, the Court and the parties will easily be able to manage a class action.

59.    Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

60.    Injunctive relief is appropriate as to the Class as a whole because

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Defendants have acted or refused to act on grounds generally applicable to the

2  Class.

3

## FIRST CAUSE OF ACTION

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

### (CAL. CIV. CODE § 1750 et seq.)

### (Against All Defendants)

8      61.    Plaintiffs incorporate by reference all the foregoing allegations as if

9  fully set forth herein.

10      62.    Plaintiffs and members of the putative Class are individuals who have

11  purchased goods (i.e., the StriVectin products) for personal use.  This cause of

12  action is asserted on behalf of a subclass of the Class, comprised of those members

13  who purchased the products within three (3) years of the commencement of this

14  action.

15

16      63.    Defendants, individually and acting as agents, alter egos, servants or

17  employees of each other, have represented that StriVectin has characteristics, uses,

18  benefits, or qualities that the Product does not have.  The policies, acts, and practices

19  heretofore described were intended to result in the sale of StriVectin to the

20  consuming public, and thus Defendants have violated and continue to violate

21  California Civil Code § 1770, including but not necessarily limited to Sections

22  1770(a)(5), 1770(a)(7) and 1770(a)(9), by misrepresenting that StriVectin is of a

23  particular standard, quality, or grade.

24      64.    Defendants knew or should have known that StriVectin does not

25  perform as represented in Defendants' advertisements and on Defendants'

26  packaging.

27      65.    Plaintiffs provided all Defendants, other than Defendants StriVection

28  Operating Company and Costco Wholesale Corporation, with notice of their claims,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  on behalf of themselves and the putative Class members, by virtue of the letter sent
2  to Defendants on December 2, 2009. Defendants have failed to respond to the
3  demands enumerated in Plaintiffs' December 2, 2009 correspondence. Plaintiffs
4  presently seek only injunctive relief against Defendant StriVectin Operating and
5  Costco. Upon providing these Defendants with appropriate notice, Plaintiff will
6  further amend this First Amended Complaint, pursuant to Cal. Civil Code § 1782(d),
7  to include a claim for damages against these Defendants.

8       66.   Plaintiffs and the members of the putative Class have each been
9  directly and proximately injured by the conduct of Defendants, and such injury
10 includes payment for the StriVectin product(s) they purchased.

11      67.   In addition, the Court should enjoin the Defendants from any further
12 sales, marketing or advertisement of the StriVectin products which contain the
13 misrepresentations detailed herein as to the standard, characteristics, uses, benefits
14 and/or qualities of the products. Plaintiffs request that this Court enter a permanent
15 injunction enjoining Defendants, and their agents, servants, employees and all
16 persons acting under or in concert with them, to cease and desist from the following
17 acts:   (a) selling, marketing, or advertising the StriVectin products with any
18 representation or suggestion that the products significantly reduce fine lines and
19 wrinkles and are "nothing short of a miracle" and "Better than Botox;" (b) selling,
20 marketing, or advertising the Strivectin products with any representation or
21 suggestion that the products significantly reduce fine lines and wrinkles and are
22 "nothing short of a miracle" and "Better than Botox" without having an adequate
23 and reliable scientific basis for such claims; (c) selling, marketing, or advertising as
24 a cosmetic; (d) selling, marketing, or advertising the StriVectin products with any
25 representation or suggestion that the products are "clinically tested;" (e) selling,
26 marketing, or advertising the Strivectin products with any representation or warranty
27 that any of the StriVectin products are guaranteed to reduce fine lines and wrinkles
28 within a specified time range; (f) engaging in any of the illegal, fraudulent,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  misleading, unlawful, unfair and/or deceptive conduct described herein; and (g)

2  engaging in any other conduct found by the Court to be illegal, fraudulent,

3  misleading, unlawful, unfair and/or deceptive conduct.

4      68.   Plaintiffs engaged counsel to prosecute this action and are entitled to

5  recover costs and reasonable attorney's fees according to proof at trial. Defendants

6  have failed to make or provide an appropriate correction, repair or replacement, or

7  other remedy with respect to the products.

8

9  ### SECOND CAUSE OF ACTION

10  ### VIOLATION OF UNFAIR COMPETITION ACT

11  ### (CAL. BUS. & PROF. CODE § 17200 et seq.)

12  ### (with respect to the fraudulent and unfair prongs of the Act)

13  ### (Against All Defendants)

14      69.   Plaintiffs incorporate by reference all the above allegations as if fully

15  set forth herein.

16      70.   Defendants, individually and acting as agents, alter egos, servants or

17  employees of each other, have engaged in the wrongful conduct alleged

18  hereinabove. The actions of Defendants, as complained herein, constitute fraudulent

19  and unfair practices committed in violation of the Unfair Competition Act.

20      71.   Plaintiffs and the putative Class members were misled into purchasing

21  StriVectin products by Defendants' deceptive conduct as alleged hereinabove.

22  Plaintiffs and the putative Class members were subject to Defendants' mass media

23  advertising that the StriVectin products significantly reduces fine lines and wrinkles

24  and is "nothing short of a miracle" and "Better than Botox." Plaintiffs relied upon

25  the advertising in agreeing to purchase Strivectin product(s), thereby suffering

26  economic injury. Plaintiffs and other putative Class members were mislead and,

27  because the misrepresentations and omissions were uniform and material,

28  presumably believed that the Strivectin products significantly reduces fine lines and

1  wrinkles and is "nothing short of a miracle" and "Better than Botox", which the
2  products cannot do.

3       72.    Plaintiffs request that this Court enter such orders or judgments as may
4  be necessary to restore to any person in interest any money which may have been
5  acquired by means of such unfair practices as provided in Bus. & Prof. Code
6  §17203, and for such other relief as set forth below.

7       73.    Defendants have failed and refused to accede to the request of Plaintiffs
8  for a refund on the amounts spent by Plaintiffs and putative Class members to
9  purchase the StriVectin products.  Plaintiffs are informed and believe and thereon
10 allege that Defendants will continue to fail and refuse to accede to requests for
11 refunds.  Plaintiffs are informed and believe that Defendants have failed to accede to
12 the request of Plaintiffs to cease the unfair business acts or practices, and to correct
13 the misrepresentations and deceptive conduct.

14      74.    Plaintiffs request that this Court enter a permanent injunction enjoining
15 Defendants, and their agents, servants, employees and all persons acting under or in
16 concert with them, to cease and desist from the following acts: (a) selling,
17 marketing, or advertising the StriVectin products with any representation or
18 suggestion that the products significantly reduce fine lines and wrinkles and are
19 "nothing short of a miracle" and "Better than Botox;" (b) selling, marketing, or
20 advertising the Strivectin products with any representation or suggestion that the
21 products significantly reduces fine lines and wrinkles and are "nothing short of a
22 miracle" and "Better than Botox" without having an adequate and reliable scientific
23 basis for such claims; (c) selling, marketing, or advertising as a cosmetic; (d) selling,
24 marketing, or advertising the StriVectin products with any representation or
25 suggestion that the products are "clinically tested;" (e) selling, marketing, or
26 advertising the Strivectin products with any representation or warranty that any of
27 the StriVectin products are guaranteed to reduce fine lines and wrinkles within a
28 specified time range; (f) engaging in any of the illegal, fraudulent, misleading,

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

unlawful, unfair and/or deceptive conduct described herein; and (g) engaging in any other conduct found by the Court to be illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct.

75. Plaintiffs engaged counsel to prosecute this action and are entitled to recover costs and reasonable attorney's fees according to proof at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF UNFAIR COMPETITION ACT
### (CAL. BUS. & PROF. CODE § 17200 et seq.)
### (with respect to the unlawful prong of the Act)
### (Against All Defendants)

76. Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

77. Defendants, individually and acting as agents, alter egos, servants or employees of each other, have engaged in the wrongful conduct alleged hereinabove. The actions of Defendants, as complained herein, constitute illegal and unlawful practices committed in violation of the Unfair Competition Act.

78. Defendants have unlawfully manufactured, packaged, labeled and/or distributed the Strivectin products in violation of California Health & Safety Code, in that:

a. Defendants have disseminated false advertisements of the StriVectin products in that the product advertising and packaging contain false or misleading statements as to the purported ability of the StriVectin products to significantly reduce fine lines and wrinkles and firm and tighten areas of the skin, in violation of California Health & Safety Code §§110290 and 111730 et seq.;

b. The StriVectin products are misbranded because the labeling does not conform with the requirements for cosmetic labeling as required by California Health & Safety Code §§110398 & 111770;

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1      c.    StriVectin products are unlawfully labeled in violation of

2  California Health and Safety Code § 111730;

3      d.    The StriVectin products are unlawfully labeled in violation of

4  California law as the labeling is false and/or misleading in claiming that the

5  products have been clinically tested; and,

6      e.    The StriVectin products are unlawfully labeled in violation of

7  California law as the labeling suggests that the products are safe and effective for

8  their intended use when such evidence has not been established.

9      79.    Plaintiffs and the putative Class members suffered injury in fact and

10 monetary damage in that they purchased the Strivectin products which were being

11 sold illegally during the four years prior to the filing of this Complaint.

12     80.    Plaintiffs request that this Court enter such orders or judgments as may

13 be necessary to restore to any person in interest any money which may have been

14 acquired by means of such illegal practices as provided in Bus. & Prof. Code §

15 17203, and for such other relief as set forth below.

16     81.    Defendants have failed and refused to accede to the request of Plaintiffs

17 for refunds on the amount spent by Plaintiffs and other putative Class members to

18 purchase the Strivectin products.  Plaintiffs are informed and believes and thereon

19 allege that Defendants will continue to fail and refuse to accede to requests for

20 refunds.  Defendants also have failed to accede to the request of Plaintiffs to cease

21 the unfair business acts or practices, and to correct the misrepresentations and

22 deceptive conduct.

23     82.    Plaintiffs request that this Court enter a permanent injunction enjoining

24 Defendants, and their agents, servants, employees and all persons acting under or in

25 concert with them, to cease and desist from the following acts: (a) selling,

26 marketing, or advertising the StriVectin products with any representation or

27 suggestion that the products significantly reduce fine lines and wrinkles and are

28 "nothing short of a miracle" and "Better than Botox;" (b) selling, marketing, or

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

940019.1                              23                 CV 10-0377-CAS (RZx)
                            FIRST AMENDED COMPLAINT

1  advertising the Strivectin products with any representation or suggestion that the
2  products significantly reduce fine lines and wrinkles and are "nothing short of a
3  miracle" and "Better than Botox" without having an adequate and reliable scientific
4  basis for such claims; (c) selling, marketing, or advertising as a cosmetic; (d) selling,
5  marketing, or advertising the StriVectin products with any representation or
6  suggestion that the products are "clinically tested;" (e) selling, marketing, or
7  advertising the Strivectin products with any representation or warranty that any of
8  the StriVectin products are guaranteed to reduce fine lines and wrinkles within a
9  specified time range; (f) engaging in any of the illegal, fraudulent, misleading,
10 unlawful, unfair and/or deceptive conduct described herein; and (g) engaging in any
11 other conduct found by the Court to be illegal, fraudulent, misleading, unlawful,
12 unfair and/or deceptive conduct.

13      83.    Plaintiffs engaged counsel to prosecute this action and are entitled to
14 recover costs and reasonable attorney's fees according to proof at trial.

15
16                        **FOURTH CAUSE OF ACTION**
17                  **UNTRUE AND MISLEADING ADVERTISING**
18                  **(CAL. BUS. & PROF. CODE § 17500, et seq.)**
19                        **(Against All Defendants)**

20      84.    Plaintiff incorporates by reference all the above allegations as if fully
21 set forth herein.

22      85.    Defendants, individually and acting as agents, alter egos, servants or
23 employees of each other, have engaged in the wrongful conduct alleged
24 hereinabove.  Defendants engaged in the deceptive conduct alleged hereinabove,
25 which included deceptive and untrue representations regarding the StriVectin
26 products and representations made to induce the public to purchase the products.

27      86.    Defendants were aware, or by the exercise of reasonable care should
28 have been aware, that the representations were untrue or misleading.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

87. Pursuant to Bus. & Prof. Code § 17535, Plaintiffs and members of the putative Class are entitled to remedies as set forth above and below.

## FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
### (CAL. U. COMM. CODE §§2314, 2315 and Common Law)
### (Against All Defendants)

88. Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

89. This cause of action is being asserted on behalf of Plaintiffs and the putative Class members who purchased the StriVectin product(s) within the applicable statute of limitations period.

90. The StriVectin products were sold with the implied warranty of merchantability in that the products would pass without objection in the trade, is fit for the ordinary purpose for which it is used, is adequately contained, packaged, and labeled, and conforms to the promises or affirmations of fact made on the container and label. The StriVectin products do not meet the foregoing criteria.

91. The Strivectin products were sold with the implied warranty of fitness in that Defendants had reason to know of the particular purpose for which the products were required (i.e., to significantly reduce fine line and wrinkles in an manner better than would be achieved through Botox) and Plaintiffs and the putative Class members relied upon Defendants' skill and judgment to furnish suitable goods. The StriVectin products are not suitable for the purpose for which it was required and sold.

92. The defects in the StriVectin products existed prior to the delivery of the products to Plaintiffs and the putative Class members.

93. Plaintiffs provided Defendants with notice of their warranty claims, on behalf of themselves and the putative Class members, by virtue of the letter sent to

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Defendants on December 2, 2009.   Defendants have failed to respond to the
2  demands enumerated in Plaintiffs' December 2, 2009 correspondence.

3       94.    Plaintiffs and the putative Class members have incurred damages as
4  described herein as a direct and proximate result of the defective product and
5  Defendants' breach of the implied warranties, in that Plaintiffs and the putative Class
6  have paid the purchase price for the defective product.   Plaintiffs, on behalf of
7  themselves and the Class members, have requested that Defendants correct the
8  defect and Defendants have refused.   Plaintiffs and the putative Class members are
9  entitled to refund of the purchase price of the products, consequential and incidental
10  damages, costs and expenses, including attorney's fees.

11

12                        **SIXTH CAUSE OF ACTION**
13                    **BREACH OF EXPRESS WARRANTY**
14                      **(CAL. U. COM. CODE § 2313)**
15                       **(Against All Defendants)**

16       95.    Plaintiffs incorporate by reference all the above allegations as if fully
17  set forth herein.

18       96.    StriVectin was sold with an express warranty as Defendants made
19  express affirmations of fact and promises regarding the efficacy of the StriVectin
20  products to reduce fine lines and wrinkles, a tighten areas of the skin, in a manner
21  similar to, and/or better, than Botox.

22       97.    Defendants have guaranteed that that the StriVectin products reduce
23  fine lines and wrinkles, a tighten areas of the skin, in a manner similar to, and/or
24  better, than Botox.

25       98.    The Strivectin products were sold with an express warranty because
26  Defendants' description of the products on the packaging and in mass media
27  advertising was intended to become part of the basis of the bargain.   The StriVectin
28  products were not suitable for the purpose for which they were required and sold as

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

the products cannot significantly reduce fine line and wrinkles, and tighten areas of the skin, in a manner similar to and/or better than, Botox.

99.   The defect in the StriVectin products existed prior to the delivery of the products to Plaintiffs and the putative Class members.

100.   Plaintiffs, on behalf of themselves and the putative Class members, provided Defendants with notice of their and the putative Class members' warranty claims by virtue of the letter sent to Defendants on December 2, 2009.  Defendants have failed to respond to the demands enumerated in Plaintiffs' December 2, 2009 correspondence.

101.   Plaintiffs and the putative Class members have incurred damages as described herein as a direct and proximate result of the defective product and Defendants' breach of the express warranties, in that Plaintiffs and the putative Class have paid the purchase price for the defective products.  Plaintiffs, on behalf of themselves and the putative Class members, has requested that Defendants correct the defect and refund amounts paid for the defective product, and Defendants have refused.  Plaintiffs and the putative Class members are entitled to refund of the purchase price of the products, consequential and incidental damages, costs and expenses, including attorney's fees.

## SEVENTH CAUSE OF ACTION

## COMMON LAW RESTITUTION FOR UNJUST ENRICHMENT

### (Against All Defendants)

102.   Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

103.   This cause of action is being asserted on behalf of Plaintiffs and the putative Class members who purchased the Strivectin products within the applicable statute of limitations period.

104.   Defendants have benefited and have been unjustly enriched by their

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

wrongful conduct alleged hereinabove.   Defendants have sold the StriVectin products to Plaintiffs and members of the putative Class based upon deceptive conduct and misrepresentations as to uses and qualities which the products do not possess and which Defendants were, and still are, aware the products do not possess.

105.   Defendants have knowledge of this benefit, and have voluntarily accepted and retained this benefit.

106.   The circumstances as described herein are such that it would be inequitable for Defendants to retain these ill-gotten benefits without paying the value thereof to Plaintiffs and the putative Class members.

107.   Plaintiffs and the putative Class members are entitled to the amount of Defendants' ill-gotten gains, including interest, resulting from their unlawful, unjust and inequitable conduct as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and as representatives of all other persons similarly situated, prays for judgment against Defendants, as follows:

1.   An Order certifying the Class and any appropriate sub-class thereof, and appointing Plaintiffs and their attorneys to represent the Class;

As to the First Cause of Action (All Defendants other than StriVectin Operating Company and Costco Wholesale Corporation)

1.   An award of general damages according to proof;

2.   An award of special damages according to proof;

3.   An award of punitive damages in an amount sufficient to deter and make an example of Defendants;

4.   An award of restitution in an amount according to proof;

5.   Disgorgement in an amount according to proof;

6.   For a temporary restraining order, a preliminary injunction and a

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

permanent injunction enjoining Defendants, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

a.   Selling, marketing, or advertising the Strivectin products with any representation or suggestion that the products significantly reduce fine lines and wrinkles, and tighten areas of the skin "Better than Botox;"

b.   Selling, marketing, or advertising the StriVectin products with any representation or suggestion that the products significantly reduce fine lines and wrinkles, and tighten areas of the skin "Better than Botox" without having an adequate and reliable scientific basis for such claims;

c.   Selling, marketing, or advertising the StriVectin products with any representation or suggestion that the products are "clinically tested;"

d.   Engaging in any of the illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct described herein; and,

e.   Engaging in any other conduct found by the Court to be illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct.

<u>As to the First Cause of Action (Defendants StriVectin Operating Company and Costco Wholesale Corporation)</u>

1.   For a temporary restraining order, a preliminary injunction and a permanent injunction enjoining Defendants, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

a.   Selling, marketing, or advertising the Strivectin products with any representation or suggestion that the products significantly reduce

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

fine lines and wrinkles, and tighten areas of the skin "Better than Botox;"

b.      Selling, marketing, or advertising the StriVectin products with any representation or suggestion that the products significantly reduce fine lines and wrinkles, and tighten areas of the skin "Better than Botox" without having an adequate and reliable scientific basis for such claims;

c.      Selling, marketing, or advertising the StriVectin products with any representation or suggestion that the products are "clinically tested;"

d.      Engaging in any of the illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct described herein; and,

e.      Engaging in any other conduct found by the Court to be illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct.

<u>As to the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action</u>

1.      An award of general damages according to proof;

2.      An award of special damages according to proof;

3.      An award of punitive damages in an amount sufficient to deter and make an example of Defendants;

4.      An award of restitution in an amount according to proof;

5.      Disgorgement in an amount according to proof;

6.      For a temporary restraining order, a preliminary injunction and a permanent injunction enjoining Defendants, and their agents, servants, employees and all persons acting under or in concert with them, to cease and desist from the following acts:

a.      Selling, marketing, or advertising the Strivectin products with any representation or suggestion that the products significantly reduce

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

fine lines and wrinkles, and tighten areas of the skin "Better than Botox;"

b.      Selling, marketing, or advertising the StriVectin products with any representation or suggestion that the products significantly reduce fine lines and wrinkles, and tighten areas of the skin "Better than Botox" without having an adequate and reliable scientific basis for such claims;

c.      Selling, marketing, or advertising the StriVectin products with any representation or suggestion that the products are "clinically tested;"

d.      Engaging in any of the illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct described herein; and,

e.      Engaging in any other conduct found by the Court to be illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct.

<u>As to All Causes of Action</u>

1.      For reasonable attorneys' fees;

2.      For costs incurred herein;

3.      For all general, special, and equitable relief to which the Plaintiffs and the members of the Class are entitled by law.

## **DEMAND JURY TRIAL**

Plaintiff and the class demand a trial by jury on all claims so triable.

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

DATED: February 22, 2010

WASSERMAN, COMDEN &
CASSELMAN, L.L.P.
MELISSA M. HARNETT
GREGORY SCARLETT

By: _____
GREGORY B. SCARLETT
Attorneys for Plaintiffs Diane Everett, Jessica
Skibel, Karen Johnson, and Monique Senova on
behalf of themselves and all others similarly
situated

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

940019.1

32

FIRST AMENDED COMPLAINT

CV 10-0377-CAS (RZx)

# EXHIBIT A

Home ; StriVectin-SD ; Deep Wrinkle Serum ; Eye Cream ; Neck Cream ; Wrinkle Filer ; Facial Sculpting Cream ; Resurfacing Serum ; Instant Moisture Repair
Sign Up Now to Become a StriVectin Inside

SUBMIT

# Is This Cosmetic Breakthrough Better than Botox®*?

*"Who would have thought a stretch-mark cream would turn out to be the anti-wrinkle breakthrough of the decade!"*

In a remarkable turn of events, arguably one of the strangest in the history of cosmetics, women across the country are putting a stretch-mark cream called StriVectin-SD® on their face to diminish the appearance of fine lines, wrinkles and crows' feet. And, if consumer sales are any indication of a product's effectiveness, StriVectin-SD is nothing short of a miracle. Women, as well as a growing number of "Boomer" men, are buying so much StriVectin-SD that finding a tube at your local cosmetic counter has become just about impossible. Has everyone gone mad? *Well... not really.*

 **NEXT >**

To Order By Phone Call 1-800-919-9715

~~$135.00~~ - **$108.00**

6 oz. Tube

**BUY NOW**

**100% Money Back Guarantee:** If you are not totally satisfied with the significant decrease in the appearance of your existing wrinkles or stretch marks, simply return the unused portion within 30 days for a full, prompt refund, no questions asked!



Wholesale Inquiries: (877) 313-8033

© 2009 All rights reserved | Canadian Customers | Contact Us

* Botox® is a registered trademark of Allergan, Inc., and neither Klein-Becker nor StriVectin are affiliated in any way with Allergan or Botox® products. The only indication approved by the FDA for Botox Cosmetic use is as follows: BOTOX® COSMETIC is indicated for the temporary improvement in the appearance of moderate to severe glabellar lines associated with corrugator and or procerus muscle activity in adult patients ≤ 65 years of age.



# EXHIBIT B

Costco - Strivectin SD-Cream

LOCATIONS  ORDER BY ITEM #  SHOPPING LIST  ORDER STATUS  MY ACCOUNT  CUSTOMER SERVICE  CHECK OUT  CART 🛒 (0)

**COSTCO**.com

BUSINESS DELIVERY  PHARMACY  SERVICES  PHOTO  TRAVEL  REBATES  MEMBERSHIP  IN THE WAREHOUSE

BUSINESS DELIVERY | PHARMACY | Computers | Decor | Electronics | Floral | Food | Furniture
What's New | Appliances | Auto | Baby | Beauty | Bed & Bath | Books/CDs/DVDs | Computers | Decor | Electronics | Floral | Food | Furniture
Funeral | Gifts & Tickets | Hardware | Health | Housewares | Instruments | Jewelry | Office Products | Outdoor | Pet | Sports | Toys & Games | View All

CLICK HERE TO LEARN ABOUT NEW & FEATURED ITEMS, SPECIAL EVENTS, AND MORE AT YOUR LOCAL COSTCO WAREHOUSE!

LOGIN  Search            In  All            GO

‹ beauty  | facial care  | face care

< Previous Product | Next Product >

🖼 Add to List   🖨 Print Page



**Strivectin SD-Cream**
2-pack 4 oz each
Item # 235713

Rated ★★★★☆ 🔗 (out of 19 reviews)
Share this Product: f 🔗 📧 🔗

**$149.99**
Shipping & Handling included *

Qty:    1    ➕ ADD TO CART

**Product Recommendations**



Women's Designer Fragrances



StriVectin® Neck Cream

$99.99

📷 MORE VIEWS

---

Product Details      Shipping & Terms      Product Reviews (19)

This item may currently be in stock at your local Costco warehouse for immediate purchase at a cash and carry price.

There's a reason StriVectin-SD®, the stretch-mark cream turned anti-wrinkle phenomenon™, is the number-one selling prestige skin cream in the entire world (including France). StriVectin-SD helps reduce the appearance of fine lines, wrinkles and crows' feet... the type of fine lines, wrinkles and crows' feet that can add 10-15 years to your appearance, and which Botulinum Toxin treatments leave behind. StriVectin-SD helps give you a youthful, healthy-looking, glowing complexion faster than retinol, far superior to vitamin C, and without irritation, needles, or surgery.

- 2-pack
- Skin cream
- Diminishes stretch-marks
- Reduces fine lines, wrinkles, & crows' feet
- Size: 4 oz each

---

Standard shipping via UPS Ground is included in the quoted price.

This item usually leaves our distribution center the next business day. **Click here** to view the estimated ground transit time to your location.

Express Shipping by air is available for an additional fee.

This fee will be quoted at checkout. **Click here** to view the estimated air transit time to your location.

*Delivery is available to Alaska, Hawaii and Puerto Rico. An additional Shipping and Handling fee will apply to

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356. I am over the age of eighteen years and am not a party to the within action;

On February 22, 2010, I served the following document(s) entitled **PLAINTIFFS' FIRST AMENDED COMPLAINT** on ALL INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Richard J. Burdge, Jr., Esq.
Joanne Lichtman, Esq.
Michael L. Resch, Esq.
William Seldeen, Esq.
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071

Phone:      (213) 892-1800
Facsimile:  (213) 892-2300
Email:      burdger@howrey.com
            lichtmanj@howrey.com
            reschm@howrey.com
            seldeenw@howrey.com

**BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from shouse@wcclaw.com on February 22, 2010, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 22, 2010,, at Tarzana, California.

Susan L. House

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

937641.1